41867.   STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY v. GLOVER et al.

ARGUED MARCH 7, 1966—DECIDED MAY 16, 1966—REHEARING
DENIED JUNE 13, 1966—

*Divine & Busbee, George D. Busbee,* for appellant.

*Adams & Henry, Ronald F. Adams, Burt & Burt, Donald Rentz,* Junior Lee Jordan, *pro se,* for appellees.

FELTON, Chief Judge. 1. The only question involved is whether the insurance company has a right to protect its constitutional right of due process by intervention or some method with a less technical name. The answer is in the construction of the uninsured motorists laws. Ga. L. 1963, p. 588 et seq., as amended by Ga. L. 1964, p. 306 et seq. (*Code Ann.* § 56-407.1).

The answer lies in the following propositions: (1) The uninsured motorists law provides that the injured party's insurance company may defend an action against an *unknown* motorist. (2) It provides that a copy of petition and process be served upon the injured party's insurance company in case of an action against a *known* uninsured motorist. (3) It provides that to show liability against an insurance company under a policy insuring against injury caused by an uninsured motorist it is only necessary to show the rendition of a judgment against the uninsured motorist. *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364). (4) The law *requires* insurance companies writing liability policies to include protection against uninsured motorists. In such circumstances it would seem that the General Assembly intended that an insurance company in affording the protection to an insured would have a right to take whatever legal steps were necessary and fitting to see to it that the court trying the action against an uninsured motorist, first, had jurisdiction of the case and the person of the uninsured motorist, and second, to insure that the judgment against the uninsured motorist was not in default, and to insure that the judgment was rendered on legal and sufficient evidence. What an insurance company would be allowed to do in any given case would depend on the circumstances of the particular case. Here the problem is easy. Assuming that the court had jurisdiction on the pleadings and the uninsured motorist had permitted the case to go in default, the insurance company should have the right to contest the liability of the uninsured motorist by whatever name the pleadings might be called, if it in fact was in possession of evidence sufficient to raise a jury question. The insurance company could also raise the question of the jurisdiction of the court as to subject matter or parties. The right to file a plea to the jurisdiction is not confined to the person directly affected by a lack of jurisdiction. Anyone who would be injured by a failure to raise the jurisdictional question and has such a relation to the case as would justify his intervention may raise the issue. *Ryder Automobile Leasing Co. v. Tates,* 112 Ga. App. 18 (143 SE2d 411) and cit. The technical rules heretofore obtaining as to interventions, especially the

rule that the intervenor takes the case as he finds it and cannot ordinarily file demurrers to pleadings and the rules on similar matters, no longer are valid insofar as the uninsured motorist law is concerned. The fact that the insurance company is not an insurer of the uninsured motorist and bears no contractual relation to him is no bar to the insurer's rights in the premises. Nor do we consider that there is a conflict of interest as to the insurer and insured any more than there would logically be if the insurer denied coverage under the contract. In such a case as this the interests of both parties, plaintiff and insurer, are represented by counsel and guarded by the court. Any other construction of the uninsured motorists law would render it unconstitutional as it applies to the facts of this case. See State of Missouri v. Craig, (Mo. App.) 364 S.W.2d 343; 95 ALR2d 1321, Anno. p. 1330. As to questions which might arise where an uninsured motorist defends the action against him in whole or part, see discussion in Wert v. Burke, 47 Ill. App. 2d 453 (197 NE2d 717).

2. The court erred in its rulings enumerated as errors numbers 1, 2, 4 and 5 on the merits of the issues.

3. The court did not err in overruling intervenor's general demurrer to the petition for the reason that the objection to the addition of a new cause of action by amendment is not properly raised unless the objection is to the amendment alone and specifically points out that it adds a new cause of action. *Tucker v. DuBose*, 60 Ga. App. 238 (3 SE2d 754); *Laslie v. Gragg Lumber Co.*, 184 Ga. 794 (193 SE 763); *Aycock v. Williams*, 185 Ga. 585 (1) (196 SE 54).

*Judgments reversed in part; affirmed in part. Bell, P. J., Frankum, Jordan, Hall, Eberhardt and Deen, JJ., concur. Nichols, P. J., and Pannell, J., concur specially.*

PANNELL, Judge, concurring specially. I concur in the result reached here, but solely on the law of the case, and not on what I consider an unauthorized construction of the Act of 1964.

1. The petition of the insurer for leave to intervene stated the fact of the issuance of the policy, and in paragraph 3 alleged "it is necessary for the protection of the State Farm Mutual Automobile Insurance Company that it be given leave to inter-

vene, that it be made a party to the above stated cause, that it be allowed to file an answer and other defensive pleadings to the plaintiff's petition, and that it be given an opportunity to resist the rendition of a judgment operating to its prejudice in the above stated cause." The prayers were for rule nisi, and that the petition to intervene be granted. The trial judge issued a rule nisi and at the same time entered an order, to which the plaintiff consented in writing, extending the time for the State Farm Mutual Automobile Insurance Company to file an answer, demurrers, pleas or any other pleadings in the case. On the day set for the hearing on the petition, the petition was granted, without any objection on the part of the plaintiff, and the State Farm Mutual Automobile Insurance Company was permitted to intervene and to file an answer and other pleadings and to make such appearances as it might deem appropriate. There is no exception to this order and no cross appeal by the plaintiff, and insofar as this appeal is concerned, this order established the law of the case. The insurer filed demurrers, a plea to the jurisdiction and an answer in its name only, and not in the name of either of the individual defendants; these pleadings, therefore, did not prevent a default as to the individual defendant served (the uninsured motorist), but under the order of intervention the insurer was privileged to contest *its* liability and the amount thereof.

2. If my views are correct in Division 1 above, it becomes unnecessary to construe or apply the Act of 1964. However, since the majority has seen fit to base its conclusions upon a construction of that Act, I do not deem it inappropriate that I express my views in reference thereto. The majority opinion reaches its conclusion that the statute authorizes an intervention by the insurer in a suit against a *known* uninsured motorist, not by reason of any language in the statute, but because to do otherwise would, in the opinion of the majority, make the statute unconstitutional. In so holding, the majority misapplied the rule or misinterpreted the meaning of the rule. The rule is that where a statute is equally susceptible to two constructions, one of which will harmonize it with the Constitution, and the other of which will render it unconstitutional, the former construction

is generally to be preferred. *Fordham v. Sikes*, 141 Ga. 469 (2) (81 SE 208). What the majority overlooks, too, is that the known uninsured motorist who is the real party defendant to a case also has some rights. It is my opinion that the known uninsured motorist, the defendant in an automobile damage suit, has a right to conduct his own defense without interference from an insurance company and insurance company lawyers, with whom he has no contractual relations, including the right not to plead if he so desires. It is my opinion, therefore, that the majority has given the statute an unconstitutional construction, if it permits the insurance company to interfere in any manner with the conduct of the defense of his case by the known uninsured motorist. However, be that as it may, let us examine the language of the statute and from that language determine what the legislature provided.

The Act of 1964 repealed in its entirety former *Code* § 56-407A and enacted in lieu thereof an entirely new *Code* § 56-407A. If there is any authority on the part of an insurer to intervene in an action brought by a plaintiff against a known uninsured motorist it must be obtained from subsection (d) thereof. The section is as follows: "If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe', and service of process may be made by delivery of a copy of the motion for judgment, or other pleadings, to the clerk of the court in which the action is brought, and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company shall have the right to file pleadings and take other action allowable by law, in the name of John Doe. Provided, however, that in cases where the owner of the vehicle causing the injury or damages is known, a copy of service shall be made upon the insurance company issuing the policy as prescribed by law as though such insurance company were a party defendant." It will be noted that where the uninsured motorist is unknown this section makes provision for a fictitious John Doe action, for service upon the insurance company, and then expressly provides that the insurance company shall have the right to file

pleadings and take other action allowable by law in the name of John Doe. Immediately following is a *proviso* which states that where the uninsured motorist is known the insurance company shall be served as in the John Doe action. Nothing is said about the insurance company filing pleadings or intervening in this latter action. The lack of such provision and the fact that the requirement of service in an action against the known owner is contained in a proviso conclusively shows that there was no intent on the part of the legislature that the insurance company be permitted to intervene and plead in the latter instance. This construction is further enforced by an examination of subsection (e) immediately following. This subsection expressly provides that the securing of a judgment in the John Doe action shall be binding neither upon the plaintiff nor the unknown owner when he becomes known and the then known owner may be sued by the plaintiff, the only provision being that the company be protected for any amount it has paid as the result of the John Doe action. Subsection (e) does provide that where a John Doe action is brought and the owner becomes known he may be joined as a party defendant to such action. It is only when this occurs, under the statute, that any question may arise as to the rights of the insurance company to plead, or continue with pleadings already filed. We have no such case here. In my opinion, the uninsured motorist statute gives ample protection to the insurance company in such a case as the present one where the known uninsured motorist fails to defend the case against him by permitting an entry of default thus preventing a contest by him of the question of liability. In my opinion, the legal liability of the uninsured motorist referred to in the statute, by which the insurer is bound, is a liability established by the findings of a jury, or the findings of a trial judge in the absence of a jury and not by default of the known uninsured motorist. This construction would prevent the alleged unconstitutional effect of the statute, and the statute is more readily and reasonably susceptible to this construction than to the construction placed upon it by the majority.

There is nothing in *State Farm Mut. Auto. Ins. Co. v. Girtman,* 113 Ga. App. 54 (147 SE2d 364) contrary to what is

stated above. That case merely held that the securing of a judgment against the known uninsured motorist was a condition precedent to a suit against the insurance company. That case did not hold, and is not authority for a holding, that a judgment entered by default is an adjudication of liability of the insurance company, and if any such holding had been made in that case it would have been obiter dictum.

I am authorized to state that Presiding Judge Nichols concurs in this special concurrence.