42249, 42250. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. JILES et al. (two cases).

ARGUED SEPTEMBER 8, 1966—DECIDED JANUARY 27, 1967—
REHEARING DENIED FEBRUARY 13, 1967—

Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, John A. Helms, C. B. Rogers, for appellant.

George & George, William V. George, Frank D. Schaffer, for appellees.

FRANKUM, Judge. ■ In the case of State Farm Mut. Auto. Ins. Co. v. Brown, 114 Ga. App. 650 (152 SE2d 641), the right of an insurance company occupying a position analogous to that of the appellant here to intervene in these cases was decided. There this court said: " 'Intervenors pro interesse suo are not known in the ordinary common-law suits. Delaney v. Sheehan, 138 Ga. 510 (73 SE 632). The general rule at common law is, that persons who are not parties to a suit cannot file an intervention therein. Tanner v. Am. Nat. Bank, 145 Ga. 512 (89 SE 515). There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. Rust v. Woolbright, 54 Ga. 310. In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and must be created by the claim in suit.' Potts v. Wilson, 158 Ga. 316, 319 (123 SE 294). Accord, Walker v. Hartford Acc. & Ind. Co., 196 Ga. 361 (1) (26 SE2d 695). The insurer does have a direct and immediate interest to protect in this kind of action, and it stands to lose or gain by the direct effect of the judgment; consequently this is one of the exceptions to the general rule. And see Wert v. Burk, 47 Ill. App.2d 453 (197 NE2d 717), cited in Glover [State Farm Mut. Auto. Ins. Co. v. Glover, 113 Ga. App. 815, 820 (149 SE2d 852)] where the insurer was permitted to intervene under a general intervention statute in an action against a known uninsured motorist who defended in part." Under this authority the petitions for intervention were not subject to general demurrer, and the court erred in sustaining the general demurrers and in dismissing them.

Appellees contend in their briefs that there are no allegations in their respective petitions that the defendant Smith was in fact an uninsured motorist. While it was not expressly so alleged in either petition, the amendment in each case praying that State Farm Mutual Automobile Insurance Company be served under the provisions of *Code Ann.* § 56-407.1, can have no other meaning than that the defendant named in the suit was an uninsured motorist.

■ One not a party cannot make a motion to consolidate two or more cases. However, if the insurance company had been a party to each of these cases at the time the motions to consolidate were made, the demurrers thereto were properly sustained. These cases are not the kind of cases which can be consolidated. In the suit of Neil L. Jiles he is seeking to recover for medical expenses incurred by him on behalf of his wife, for loss of her services, for property damage to his automobile, and for loss of the use of his automobile. In his wife's suit she seeks to recover damages on account of bodily injuries. "When a married woman is injured by the wrongful conduct of another, two different causes of action may arise: the one in her favor for her own pain and suffering, and the other in favor of the husband for the loss of his wife's services and for expenses incurred as a consequence of the injuries to her. These causes of action are separate and distinct, and in favor of different parties. Therefore they can not be properly joined in one suit." *Georgia R. & Bkg. Co. v. Tice,* 124 Ga. 459, 461, supra. Generally, the determining factor as to whether two suits can be consolidated depends on whether they could have been originally brought in one action, "and this depends on whether a misjoinder or multifariousness would result." *Sanders v. Wilson,* 193 Ga. 393 (18 SE2d 765). The question regarding consolidation of cases is usually one in the discretion of the trial judge, "but the authority of the trial judge to consolidate cases exists only when the right to a consolidation exists. The courts have no power to consolidate where the rules of law give no right of consolidation." *Worley v. Gaston,* 210 Ga. 350, 351 (80 SE2d 304). Whether or not the motions to consolidate these cases were made at a time when the movant

was in a position to make such motions, the court reached the right result and did not err in sustaining the demurrers thereto and in dismissing the motions for consolidation.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Pannell, J., concur.*