43959. JILES et al. v. SMITH et al.

HALL, Judge. The plaintiff sued an uninsured motorist. The plaintiff's uninsured motorist insurer was served with the complaint as provided by the uninsured motorist law, Ga. L. 1963, p. 588, as amended, Ga. L. 1964, p. 306; Ga. L. 1967, pp. 463, 464 (Code Ann. § 56-407.1 (d)) and filed an answer. State Farm Mut. Ins. Co. v. Jiles, 115 Ga. App. 193 (154 SE2d 286), is a former appeal in this case, in which this court rendered a decision upon the pleadings of the insurer. At the beginning of the trial the court declared a mistrial because the pleadings of the intervening insurance company were mentioned in the opening argument to the jury. The court then entered an order providing that the attorney for the intervenor, if he wished to appear in the case, should appear as counsel for the defendant along with the defendant's counsel; that no mention of insurance be made on the trial; that no pleading bearing the name of the intervening insurer be sent to the jury; and that the attorneys for the defendant and for the intervenor should agree as to how to conduct the defense with not more than one attorney cross examining any witness. The trial court certified that the order should be reviewable.

An amendment to the uninsured motorist law, Ga. L. 1967, pp. 463, 464 (Code Ann. § 56-407.1 (d)) authorizes "the insurance company issuing the policy . . . to file plead-

ings, and take other action allowable by law in the name of either the known owner or operator or both or *itself.*" (Emphasis supplied.) In this case the liability insurer has seen fit to intervene in its own name and takes the same position as the plaintiff, that the court's pre-trial order is erroneous. We agree. The policy of forbidding the mention of liability insurance in the pleadings or trial of a tort action is "for the beneficial convenience of insurers." 21 Appleman, Insurance Law and Practice, 795, § 12831; 88 CJS 145, Trial, § 53. The rule has no application where there is no prejudice to a party. *Essig v. Cheves,* 75 Ga. App. 870 (44 SE2d 712); *Steinmetz v. Chambley,* 90 Ga. App. 519 (88 SE2d 318); *Barbre v. Scott,* 75 Ga. App. 540 (43 SE2d 771). It has been held that where a right of recovery in tort is dependent upon a liability policy, it is essential that it be set forth in the pleadings. *Cox v. DeJarnette,* 104 Ga. App. 664, 673 (123 SE2d 16); *Morehouse College v. Russell,* 219 Ga. 717 (135 SE2d 432). Evidence of insurance is proper "where the insurer is a party to the proceeding." Appleman, supra, p. 811.

The court's order was error in restricting the insurer's participation as a party in the trial of the case.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1968—DECIDED OCTOBER 29, 1968.

*George & George, William V. George,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Frank D. Schaffer,* for appellees.