**FANDEL, INC., Appellant,**

v.

**FIRST OF DENVER MORTGAGE INVESTORS et al., Appellees.**

**No. 18583.**

Court of Civil Appeals of Texas, Dallas.

April 3, 1975.

Rehearing Denied May 1, 1975.

Khent H. Rowton, Dallas, G. C. Butler, Bonham, for appellant.

Eldon L. Youngblood, Robert M. Roller, Bruce W. Claycombe, Coke & Coke, Thomas L. Case, Johnson, Bromberg, Leeds & Riggs, Dallas, for appellees.

## MEMORANDUM OPINION ON MOTION TO AMEND ORDER

PER CURIAM.

On January 6, 1975, we heard and considered petition for injunctive relief filed by appellants Fandel, Inc., a Texas corporation and Leonard A. Renfrow, in which appellants sought a temporary injunction preventing appellees First of Denver Mortgage Investors, and/or Eldon L. Youngblood, Trustee, from conducting a sale of realty on January 7, 1975, pursuant to authority of a deed of trust. After due consideration of the motion we granted same and entered an order providing:

It is therefore ordered, adjudged and decreed that appellees First of Denver Mortgage Investors and Eldon L. Youngblood, Trustee, be and the same

are hereby enjoined and restrained from conducting the foreclosure sale of the real property described in Plaintiff's Original Petition in Cause No. 74–8399–J/A in the 14th District Court of Dallas County, Texas, pending final determination of the appeal of this cause in this Court.

Thereafter, Eldon L. Youngblood, Trustee, posted notices pursuant to the terms of the deed of trust in which it was announced that sale pursuant to the deed of trust would be conducted on Tuesday, February 4, 1975, such date being prior to the time this court has set this case for oral argument on the merits of the appeal. In a hearing before this court on a motion to hold appellant Youngblood, Trustee, in contempt for violating the court's order of January 6, 1975, the said appellant Youngblood contended that since the court's prior order did not specifically enjoin him, as Trustee, from posting notices that he was not in contempt of such order by his action in posting same. At the same time appellant Youngblood, Trustee, announced in open court that he had no intention of violating the court's order concerning sale of the property and that he would not sell the same pursuant to the terms of the deed of trust prior to the time this court rendered its decision on the appeal now pending.

Appellants Fandel, Inc. and Leonard A. Renfrow now file their motion asking us to enlarge our order of January 6, 1975, so as to expressly prohibit appellees from posting notices or taking any other steps which might constitute a part of the sale of the property under the terms of the deed of trust. We sustain this motion to enlarge our order for the following reasons.

(1) The act on the part of the Trustee in posting notices for the required number of days prior to sale on the first Tuesday of any month is, in our opinion, a necessary and integral part of the sale itself. Without the giving of notice as required

by the deed of trust, such sale eventually made would be invalid.

(2) The existence of an injunction restraining the sale at the time of posting notice would cast doubt upon the validity of the entire process and thereby invite an attack on the sale, even though the injunction may be dissolved before the sale is made.

(3) The existence of an injunction restraining the sale at the time of posting notices would be likely to cause prospective purchasers to refrain from bidding upon the property and thereby stifle open and competitive bidding as contemplated by law.

(4) Notice of sale prior to final resolution of the question of the validity of the sale by this court could possible result in confusion and disturbance of the orderly processes of motions for rehearing, applications for writs of error, etc.

It is therefore ordered, adjudged and decreed that the order of this court made on January 6, 1975, be and the same is hereby amended, as follows:

Appellees First of Denver Mortgage Investors and Eldon L. Youngblood, Trustee, be and the same are hereby enjoined and restrained from conducting the foreclosure sale of the real property described in plaintiff's original petition in cause no. 74–8399–J/A in the 14th District Court of Dallas County, Texas, and are further restrained from taking any steps whatsoever, including the posting of notices of sale, giving notice to any parties herein or third parties of any such proposed sale, or taking any further action which might in any manner be construed as a step in the direction of a sale pursuant to the deed of trust in question, pending final determination of the appeal of this cause in this court.

GUITTARD, Justice.

This appeal is from an order denying a temporary injunction. The vendor of approximately twenty acres of land, and a corporation to which he later conveyed the land, sought restraint of a trustee's sale under a deed of trust given by the original purchaser to secure a loan. Plaintiffs allege that the deed-of-trust lien was extinguished by voluntary rescission of the original sale, and, therefore, that the deed of trust is a cloud on their title. Plaintiffs also seek to avoid an agreement subordinating the vendor's lien to the deed of trust. We hold that the trial judge did not abuse his discretion in denying the temporary injunction because plaintiffs have not established grounds for avoiding the subordination agreement, and, consequently, they have failed to show a probable right to final injunctive relief.

The material facts are undisputed. The land formerly belonged to plaintiff Leonard Renfrow. On August 4, 1971, he conveyed it to defendant Modular Communities, Inc. by a deed reserving a vendor's lien to secure a promissory note in the amount of two hundred thousand dollars. This note was also secured by a deed of trust. On September 19, 1972, Renfrow and Fannin National Bank, to which he had pledged the note, signed an agreement purporting to subordinate the lien evidenced by his deed of trust to another deed of trust to be executed by Modular Communities for the benefit of defendant First of Denver Mortgage Investors. Thereafter, on October 19, 1972, First of Denver and Modular Communities entered into an agreement for a loan to Modular Communities of not more than three hundred fifty thousand dollars, covering an earlier unsecured advance of forty-five thousand dollars and further advances to be made for construction of a mobile-home park on the property in question. Pursuant to this agreement, Modular Communities executed a deed of trust to defendant Eldon Young-

blood as trustee securing a note for three hundred fifty thousand dollars payable to First of Denver. In addition to the forty-five thousand dollars previously advanced, First of Denver made further disbursements in favor of Modular Communities, which brought the total of the advancements secured by its deed of trust to approximately ninety-five thousand dollars.

This controversy arises as a result of default by Modular Communities in its indebtedness to both Renfrow and First of Denver. The transaction which plaintiffs allege to be a rescission is evidenced by a deed dated January 22, 1974, by which Modular Communities reconveyed the land to Renfrow.

After accepting this deed, Renfrow conveyed the land by general warranty deed to plaintiff Fandel, Inc., of which Renfrow was president. This deed recites consideration of ten dollars and certain shares of stock in Fandel.

Plaintiffs filed this suit in September 1974, alleging that defendant First of Denver had requested the trustee, Eldon Youngblood, to sell the land under the power granted in the deed of trust of October 19, 1972, and that this deed of trust should be cancelled and removed as a cloud from plaintiffs' title because the lien evidenced by the deed of trust was extinguished by rescission of the original sale. They also attacked the subordination agreement on various grounds. The trial judge issued a temporary restraining order, but, on hearing evidence, denied plaintiffs' application for a temporary injunction. We granted a temporary injunction to preserve the matter for review. Fandel, Inc. v. First of Denver Mortgage Investors (Tex.Civ.App.—Dallas, February 20, 1975, no writ). We now dissolve that injunction and affirm the order of the trial court.

Plaintiffs' right to injunctive relief depends on their attack on the subordination agreement. The grounds of this attack are fraud, lack of consideration, and failure to comply with the terms of the agreement. None of these grounds is supported by the record.

We have examined the record and find no evidence of fraud. Neither do we find evidence of lack of consideration. The evidence would justify a finding that a substantial part of the funds lent by First of Denver to Modular Communities was advanced in reliance on the subordination. Although plaintiffs allege that Renfrow received no benefit from the subordination because the funds advanced were not actually used to improve the property, we hold that plaintiffs cannot avoid the subordination agreement after First of Denver advanced funds in reliance on it unless they show failure to comply with the terms of that agreement. Accordingly, the controlling question is whether plaintiffs have shown such a failure.

Plaintiffs' allegation of failure to comply with the terms of the subordination agreement depends upon construction of the agreement itself. Plaintiffs contend that it incorporates a provision of the original purchase-money deed of trust which provides that this deed of trust is "hereby subordinated to any interim or permanent financing obtained by Maker thereof *for the sole purpose of establishing improvements,* and the holder of this note shall execute such further instruments as requested by the Lender providing such financing in order to confirm such subordination." (Emphasis added.)

Plaintiffs further contend that as a result of incorporation of this limitation in the later subordination agreement, the subordination was ineffective with respect to any lien claimed by First of Denver because no construction work was ever done on the property. We reject this contention because we find no language in the subordination agreement which can reasonably be interpreted as incorporating this limita-

tion. The only language of incorporation appears among the recitals in the agreement. After a reference to the purchase-money deed of trust, the following recital appears:

Said Deed of Trust conveys the following described real property situated in the County of Dallas, State of Texas:

As per Exhibit "A" attached hereto and incorporated herein by reference.

The "Exhibit 'A'" attached is a copy of the purchase-money deed of trust.

The operative language of the agreement provides that for the express purpose of inducing First of Denver to make a loan to Modular Communities, Renfrow and the bank as "holders" of the purchase-money note, agree to subordinate their deed of trust to a certain deed of trust to be given by Modular Communities for the benefit of First of Denver to secure a promissory note in the amount of three hundred fifty thousand dollars. The agreement further provides:

That for all purposes, the Deed of Trust given by Borrower [Modular Communities] for the use and benefit of First to secure payment of the above-described indebtedness by Borrower to First shall be superior to the lien and encumbrance of Holders' Deed of Trust, to the same extent and with the same effect as though such Deed of Trust given for the use and benefit of First had, in effect, been executed, delivered and recorded in Dallas County, Texas, prior to the execution, deliver and recording of the Holders' Deed of Trust.

We hold that the trial court was justified in construing the subordination agreement as not incorporating the limiting language of the purchase-money deed of trust. Consequently, so far as the present record shows, regardless of whether the original sale was rescinded as between Renfrow and Modular Communities, the subsequent deed of trust was a valid lien on the prop-

erty, and plaintiffs have no right to have it cancelled as a cloud on their title or to restrain a sale by the trustee pursuant to its terms.

The temporary injunction granted by this court is dissolved and the trial court's order is affirmed.