Robert T. KEEL, Appellee,

v.

MFA INSURANCE COMPANY, Appellant.

No. 47211.

Supreme Court of Oklahoma.

June 29, 1976.

See also Okl., 553 P.2d 160.

Robert T. Keel, Oklahoma City, pro se.

Pierce, Couch, Hendrickson, Gust & Short by Melvin F. Pierce, for appellant.

B. J. Cooper, Cooper, Stewart, Elder & Abowitz, Kenneth Webster, McKinney, Stringer & Webster, Page Dobson, Rhodes, Hieronymous, Holloway & Wilson, Rex K. Travis, Travis & Durbin, Elliott Fenton, Fenton, Fenton, Smith, Reneau & Moon, Robert S. Baker, Baker, Baker & Wilson, James D. Foliart, Foliart, Mills & Niemeyer, Jake Hunt, Hunt & Thomas, Oklahoma City, amici curiae.

HODGES, Vice Chief Justice.

This involves an appeal from a judgment of the trial court which permitted appellee to recover the proceeds of two insurance policies under the uninsured motorist endorsement for bodily injuries sustained in one accident based on a prior judgment obtained against the tort-feasor.

Robert T. Keel (Keel) was injured when the automobile he was driving was struck by a vehicle driven by an uninsured motorist. MFA insurance Company (MFA) had issued two policies to Keel which covered separate automobiles. Two separate premiums were paid. Keel sought to recover on both policies. Each policy had limits of liability of $10,000.00 for one person and $20,000.00 for two or more. MFA was furnished with a proof of loss, medical information, and a demand for settlement. The insurance company refused to discuss settlement, stating it had not completed its investigation and would not discuss settlement until that time. Three months after demand for settlement, Keel informed MFA that, since it had not made a settlement offer and apparently did not intend to, he would pursue his claim against the uninsured motorist. MFA did not respond to Keel's letter. Suit was filed against the uninsured motorist. Copies of the petition and summons were furnished MFA. It replied thirteen days later, stating that on advice of counsel a judgment obtained against the uninsured motorist without the written consent of the company would not be conclusive on the issues of liability or damages, and that written consent would not be given. In the same letter MFA again stated they were still investigating the case and asked for indulgence.

Suit was commenced on the insurance policy contracts on March 7, 1973, against MFA. MFA answered with a general denial and alleged that the action against the uninsured motorist was not prosecuted with its written consent, and that the claim exceeded the limits of its liability. At the trial Keel introduced evidence consisting of the two policies which MFA stipulated

were in full force and effect; a certified copy of the judgment rendered against the uninsured motorist; and a letter from the Oklahoma Department of Public Safety stating that the uninsured motorist had not complied with the Financial Responsibility Law. MFA demurred to the evidence, which was overruled by the trial court. After MFA elected to stand on its demurrer, the trial court entered judgment in favor of Keel in the amount of $11,500.00. MFA appeals from this decision.

Two propositions are presented: (1) whether MFA may be held liable under the two policies issued to Keel; (2) is a judgment obtained against an uninsured motorist in tort without the consent of the insurer binding upon the insurer when the insured sues on the contract?

MFA contends the judgment appealed from exceeds the maximum limitation of the policy which limits uninsured motorist coverage to $10,000.00 for each person injured in an accident, and that the policies may not be stacked to permit Keel to recover the full amount which he was legally entitled to recover against the uninsured motorist.

Its argument is based on an attempt to limit recovery by language in the policies which limits liability to the highest applicable amount of benefit under any one policy. These provisions are known as "other insurance clauses" and provide:

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Coverage E applied than the limits of liability hereunder bear to the sum of the applicable limits of liability of this insurance and such other insurance."

"Other Automobile Insurance in the Company—with respect to any occurrence, accident, death, or loss to which this or any other automobile insurance policy issued to the named insured or spouse by the Company also applies, the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

■ We hold the above "other insurance clauses," as applied to facts in this case, are contrary to public policy, repugnant to our uninsured motorist statute and void for the following reasons:

(1) The uninsured motorist statute requires that each liability policy must provide uninsured motorist coverage, unless the insured rejects it in writing.

(2) The statute provides a minimum for uninsured motorist coverage, but allows the insured to purchase additional coverage if desired.

(3) The appellee has paid, and the appellant collected, separate premiums for each uninsured motorist coverage.

Title 36 O.S.1971 § 3636(A) provides that no liability policy shall be issued without uninsured motorist coverage, except Section 3636(F) gives the insured the right to reject it in writing.

Section (B) of 36 O.S.1971 § 3636 provides a minimum coverage, but allows the insured to purchase additional coverage if desired.

The literal import of the statute leaves no doubt. It directs no automobile policy shall issue in this state unless it offers coverage for payment within specified limits of what an uninsured motorist would be liable for to an insured for damages for bodily injuries. Every policy must offer the coverage, unless rejected in writing. The statute grants the victim prima facie recourse to any and all policies available, subject to the implicit condition that his claims in aggregate not exceed his damages. The legislature must have been cog-

nizant that a person often becomes an insured, either named or otherwise included in more than one automobile liability policy. Therefore, it must have contemplated when it mandated the uninsured motorist coverage in each policy that the injured person might have recourse to more than one policy. Had that result not been intended, its negation would be expressed in the statute. *Motor Club of America Insurance Co. v. Phillips*, 66 N.J. 277, 330 A.2d 360, 368, 369 (1974).

The legislature could have limited protection to the minimum statutory limit had that been its intent, or could have restricted coverage to only one policy. Since it did not, there appears to be no latitude in the statute for an insurer limiting its liability through "other insurance clauses." *Sellers v. United States Fidelity & Guaranty Co.*, 185 So.2d 689, 690 (Fla.App. 1966).

The insured in this case has two policies for which he has paid an additional premium for uninsured motorist coverage. There is no dispute that both policies cover the insured in this accident. The pyramiding or the stacking of the policies is the only dispute. By imposition of both policies, the insured is not receiving a windfall. He has paid the insurer a premium for this protection, and is only attempting to recover the actual amount of his damages which are within the limits of both policies. On the other hand, the insurer has collected a premium for each policy. In such instance, it would be manifestly unjust to permit the insurer to avoid its statutorily imposed liability by its assertion of "other insurance clauses" which would deny the insured from receiving that for which he has paid a premium. *Safeco Ins. Co. of America v. Jones*, 286 Ala. 606, 243 So.2d 736 (1971); *Clayton v. Alliance Mutual Casualty Co.*, 213 Kan. 84, 515 P.2d 1115 (1973); *Van Tassel v. Horace Mann Ins. Co.*, 296 Minn. 181, 207 N.W.2d 348 (1973).

We feel the most pragmatic application regarding the "other insurance clauses" was utilized by the United States District Court in *Eggleston v. Townsend*, 336 F.Supp. 1212, 1218 (D.Md.1972). In this case, the court held where multiple policies in single or several companies provide sufficient coverage to fully satisfy any judgment by insured against uninsured motorist, the "other insurance clauses" in the policies are to be given effect to determine priority of payment. The priority is first to the application of the uninsured motorist coverage available under the policy covering the vehicle involved in the accident. To the extent the judgment exceeds such coverage, resort is then to other policies issued to the insured to be applied to satisfaction of the balance on a pro rate basis up to their total coverage without regard to any "other insurance" or excess escape clauses. The court held where the language of the "other insurance" provisions would serve to limit or defeat full satisfaction of the insured's judgment, such clauses were repugnant to the uninsured motorist law and of no effect. A majority of other jurisdictions have reached similar results. See A. Widiss, Uninsured Motorists Coverage, 1974 Supp. § 2.60 p. 116. We, therefore, hold where an insured has been issued multiple automobile policies containing uninsured motorist coverage 'for which a premium has been paid, the extent of the coverage is the combined total amount of such policies. "Other insurance clauses" are applicable to priority of payment. Actual damages of the insured are recoverable to the full amount of the combined limits of all policies.

The second question presented is whether a judgment obtained in tort against an insured motorist without the consent of the insurer is binding upon the insurer when the insured sues on the contract.

MFA urges a review and reconsideration of the law, especially the third syllabus of *Boughton v. Farmers Insurance Exchange*, 354 P.2d 1085 (Okl.1960), 79 A.L.R.2d 1245. This syllabus states:

"Where an automobile insurance policy provides that insurer shall pay insured all sums insured shall be legally

entitled to recover as damages from an uninsured motorist and insured suffers damages as a result of a collision with an uninsured motorist, institutes an action after notice to the insurer and obtains a judgment against the uninsured motorist; a petition alleging, inter alia, the judgment against the uninsured motorist, states a cause of action against the insurer and a trial court order sustaining a demurrer to such petition is error."

MFA concedes the cause should not be dismissed on the merits, merely that the case should be remanded for a new trial as to all issues. It is MFA's contention that a direct action in contract against the insurer of uninsured motorist coverage should be allowed, and if the insurer does not consent to a suit against the uninsured motorist neither the insured nor insurer should be bound.

The policies provided:

"No judgment against any person or organization alleged to be legally responsible for the bodily injury shall be conclusive, as between the insured and the Company, of the issues of liability of such person or organization or of the amount of damages to which the insured is legally entitled unless such judgment is entered pursuant to an action prosecuted by the insured with the written consent of the Company."

Decisions from other jurisdictions have concluded that the permission to sue clause is void or unenforceable based on the following rationales: (1) it is generally against public policy for the insurer to restrict the insured's right to trial by jury of the action against a negligent motorist; (2) the insured may be able to collect directly from the negligent motorist without recourse to the insurance company; (3) because the agreement to arbitrate is unenforceable, the insured should be entitled to a determination of the issues of fault and

damages in a suit against the uninsured motorist. A. Widiss, Uninsured Motorist Coverage, § 7.5 at pp. 258–259 (1969). *Boughton*, supra, holds the agreement to arbitrate to be unenforceable.

It is provided by 15 O.S.1971, § 216:

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights is void."

The consent to sue clause was intended, where enforced, to be a notice requirement to the insurance carrier that an action was about to be initiated against an uninsured motorist and that the insurer would have liability or subrogation rights pursuant to the policy. The consent to sue clause, which attempts to place the requirement of the insurer's permission as a condition precedent, conditions and limits the character of coverage mandated by the statute. It is, therefore, void and of no effect. *Clayton v. Alliance Mutual Casualty Company*, 212 Kan. 640, 512 P.2d 507, 513 (1973). Proper and timely notice to the insurance carrier to avoid prejudice of its rights is all that is necessary. See *Dominici v. State Farm Mutual Automobile Ins. Co.*, 143 Mont. 406, 390 P.2d 806 (1964).

MFA contends, however, the procedural format in *Boughton* does not allow them a "day in court" and denies them due process of law. This presupposes insurer's inability to intervene in an action between its insured and an uninsured motorist.

Although not directly stated, inherent in the *Boughton* decision is the insurer's right of intervention. A vast majority of other jurisdictions have also upheld the right of an insurer to intervene in a case brought by the insured against an uninsured motorist.[1]

1. *State ex rel. Manchester Insurance & Indemnity Co. v. Mass.*, 522 S.W.2d 722 (Mo. 1975); *Rawlins v. Stanley*, 207 Kan. 564, 486

P.2d 840 (1971); *Indiana Insurance Co. v. Noble*, 265 N.E.2d 419 (Ind.App.1970); *State v. Craig*, 364 S.W.2d 343, 95 A.L.R.2d 1321

However, the later case of *Holt v. Bell*, 392 P.2d 361 (Okl.1964) appears to indirectly restrict the insurer's right of intervention. In *Holt* the court held the making of the insurer a party defendant in an action brought by the insured against the uninsured motorist to be a mis-joinder of parties defendant. This holding is based on the rationale of injecting into the action against the uninsured motorist the presence of insurance and virtually making the plaintiff's insurer the liability insurer of the defendant interested in defeating plaintiff's claim. If valid, these same difficulties occur if the insurer was required to intervene in order to protect its rights.

We have re-examined our holding in the *Holt* case and now decide that it is permissible for an insured to join his insurer as a party defendant in an action against an uninsured motorist.

As a general rule, courts favor intervention and joinder of party defendants as a convenient method of settling controversies relating to the same subject matter in one action.

Title 12 O.S.1971 § 323 provides:

"All claims which arise out of the transaction or occurrence that is the foundation of the plaintiff's claim and which contain common questions of fact, may be joined in one action, and any person who is liable on such a claim may be joined as a party to the action. The court may order a separate trial of any claim or of any issue in the furtherance of a just and prompt determination of the controversy and to avoid delay or prejudice. Nothing herein permits the joinder of liability insurers or creates

any right of contribution or indemnity which has not heretofore existed."

This statute will allow the trial judge to dispose of the actions in one case, unless the court determines a separate trial is necessary to prevent delay or prejudice. By having all of the parties present in one action, the trial court will then be in a position to determine whether the trial should proceed as one action or, in view of the particular facts and circumstances, a separate trial should be ordered.

With this decision an insured who has a claim against an uninsured motorist has the following options:

(1) He may file an action directly against his insurance company without joining the uninsured motorist as a party defendant and litigate all of the issues of liability and damages in that one action. *Associated Indemnity Corp. v. Cannon*, 536 P.2d 920 (Okl.1975).

(2) He may file an action joining both the uninsured motorist and the insurance company as party defendants and litigate all issues of liability and damages in one action.

(3) He may file an action against the uninsured motorist without joining the insurance company as a party defendant, but give adequate notice of the filing and pendency of such action to the insurance company so they take whatever action they desire, including intervention.

(4) He may file an action against the uninsured motorist and give no notice to the insurance company.

(Mo.App.1963); *State Farm Mutual Automobile Insurance Co. v. Jiles*, 115 Ga.App. 193, 154 S.E.2d 286 (1967); *Continental Ins. Co. v. Smith*, 115 Ga.App. 667, 155 S.E.2d 713 (1967); *Jiles v. Smith*, 118 Ga.App. 569, 164 S.E.2d 730 (1968); *Lamb v. Horwick*, 48 Ill.App.2d 251, 198 N.E.2d 194 (1964); *Kroeker v. State Farm Mutual Insurance Co.*, 466 S.W.2d 105 (Mo.App.1971); *Wert v. Burke*, 47 Ill.App.2d 453, 197 N.E.

2d 717 (1964); *Dominici v. State Farm Mut. Auto. Ins. Co.*, 143 Mont. 406, 390 P.2d 806 (1964); *Lamb v. Horwick*, 48 Ill.App.2d 251, 198 N.E.2d 194 (1964); *Matthews v. All State Ins. Co.*, 194 F.Supp. 459 (E.D.Va.1961); *State Farm Mut. Auto Ins. Co. v. Glover*, 113 Ga.App. 815, 149 S.E.2d 852 (1966); *Heisner v. Jones*, 184 Neb. 602, 169 N.W.2d 606 (1969).

Upon a trial court's discretionary determination that no prejudice will result in litigating all of the issues in one trial, the insurer is bound by the judgment as to all issues, including liability and damages under the options described in one, two and three. Only in option four is the insurance company not bound by the judgment.

The insured in the present case pursued option three. Here, as in the *Boughton* case, the insured notified MFA by letter and furnished them with a copy of the petition and summons that an action had been filed against the uninsured motorist for the determination of the legal liability of the uninsured motorist and the amount of damages the insured was legally entitled to recover.

■ With these facts present, MFA would be bound by the judgment that Keel obtained against the uninsured motorist. However, in view of our overruling the case of *Holt v. Bell*, supra, we deem justice is best served by a prospective ruling.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED FOR A NEW TRIAL.

WILLIAMS, C. J., and IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

DAVISON, LAVENDER and SIMMS, JJ., concur in part and dissent in part.

DAVISON, Justice (dissenting in part):

I dissent to that portion of the majority opinion in that it allows stacking.

In the present case, plaintiff had uninsured motorist policy issued by defendant, MFA, on a certain Chevrolet automobile at the time he was injured by an uninsured motorist. Plaintiff also had another uninsured motorist policy also issued by the defendant, MFA, which covered a separate automobile. Two separate premiums were paid.

Both of these policies were issued in compliance with the statute, each policy had limits of liability of $10,000.00 for one person and $20,000.00 for two or more.

This dissent goes to the proposition as to whether the defendant may be held liable under the two policies issued to plaintiff, one policy having been issued to cover one automobile and the other policy covering a separate and different automobile.

Various jurisdictions have had different opinions on the question. Very few cases have involved the identical question and there appears to be no weight of authority to govern us.

A number of cases have held that the exceptions such as provided for in the policies in question are not available to the insurer when two or more policies are issued on the same automobile. However, in the present case, two distinct policy coverages exist, extending to two separate vehicles.

The precise question is one of first impression in this jurisdiction.

In the case of *Castle v. United Pacific Insurance Group*, 252 Or. 44, 448 P.2d 357, it was held that insured motorist under policy which provided distinct coverages, with separate premiums, for each of his two automobiles, was restricted to policy limit on uninsured motorist coverage applicable to automobile involved in accident, rather than to maximum recovery under coverage on each vehicle.

I am of the opinion that the case of *M. F.A. Mutual Ins. Co. v. Wallace*, Ark., 431 S.W.2d 742, after considering a statute very similar to ours, is well reasoned. As in the present case, in the cited case, the policy coverage on each automobile was not less than the limits provided by statute.

In the last cited case, it was reasoned:

"[I]t is obvious the statute is not designed to provide the insured with greater insurance than would have been available had the insured been injured by an operator of an automobile who had a policy containing the minimum statutory limits provided by [the act]."

I am of the opinion that liability coverage on each individual car meets the necessary requirement under our statute and that the liability of defendant is limited to

the coverage of the automobile involved in the accident.

I therefore respectfully dissent.

I am authorized to state that Justice LAVENDER and Justice SIMMS concur in the views expressed herein.