45674. CONTINENTAL CAN COMPANY
et al. v. PRICE.

BELL, Chief Judge. In this suit for damages for personal injuries arising out of an automobile intersection collision, the jury

returned a verdict for the plaintiff. The defendants are the employer-owner and the driver of the other vehicle. Their motion for new trial was overruled and they appeal from both the judgment on the verdict and denial of the motion for new trial.

1. It appears beyond dispute from the evidence that the plaintiff was on a through highway at the time of the collision and that the defendant driver entered the through highway from an intersection controlled by a stop sign. The court charged the jury on the provisions of *Code Ann.* § 68-1650 (b) as follows: "(b) When two vehicles enter an intersection from different highways at approximately the same time the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right." Exception was taken on the ground that this statute is not applicable to the evidence. We held in *Strong v. Palmour,* 113 Ga. App. 750 (149 SE2d 745) that where it appears that the intersection was at a through highway, controlled by a stop sign facing traffic approaching the through highway, a charge on *Code Ann.* § 68-1650 (a) or (b) is inapplicable and is error. The correct right of way rules to be applied concerning entry into a through highway from a controlled intersection are found in *Code Ann.* § 68-1652 (a) and (b). *Strong v. Palmour,* 113 Ga. App. 750, supra. The trial court did include *Code Ann.* § 68-1652 in its charge but there were no instructions as to which they should apply or as to which they should disregard. Consequently, the jury was left free to apply two standards as to the right of way, one of which had no application. *Code Ann.* § 68-1652 provides "(a) The driver of a vehicle shall stop as required by this law [Chapters 68-15 through 68-17; §§ 68-9926, 68-9927] at the entrance to a through highway and shall yield the right of way to other vehicles which have entered the intersection from said through highway or which are approaching so closely on said through highway as to constitute an immediate hazard, but said driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right of way to the vehicle so proceeding into or across the through highway. (b) The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is

erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed." Under the "man on the right" rule contained in *Code Ann.* § 68-1650 (b) the defendant driver could not have had the right of way under any circumstances of this case as he was approaching from the right. On the other hand, the defendant would have had the right of way under the applicable rule found in *Code Ann.* § 68-1652 if he had stopped at the stop sign and plaintiff's vehicle had not entered the intersection or was not approaching so closely on the through highway as to constitute an immediate hazard. There is evidence which would have authorized the jury to find those facts, as defendant testified that he looked both ways; could see clearly to his right for a distance of 100 to 150 yards; and did not see plaintiff's vehicle. Charging the jury with two distinct standards of conduct, one conflicting with the other, is confusing and requires reversal. *Morris v. Warlick,* 118 Ga. 421 (2) (45 SE 407); *Plaspohl v. Atlantic C. L. R. Co.,* 87 Ga. App. 506 (74 SE2d 491).

2. It was also error for the court to charge on the provisions of *Code Ann.* § 68-1646 which provides that a vehicle shall not be started which is stopped, standing, or parked until movement can be made with reasonable safety. This section has no application to the question of entry into a controlled intersection and is in conflict with the correct standard referred to in Division 1 above.

3. There is no merit in the contention that the court's charge to the jury on pain and suffering overemphasized this element of the case to defendant's prejudice. The judgment is

*Reversed. Quillian and Whitman, JJ., concur.*

ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 19, 1971.

*Harris, Russell & Watkins, Joseph H. Davis,* for appellants.

*Gardner & Puegh, Milton F. Gardner, Joseph B. Duke,* for appellee.