45905.   PLANET INSURANCE COMPANY v. WOODS et al.

WHITMAN, Judge. The complaint of the plaintiffs (Jerold E. Woods, his wife and minor son) alleged that on November 20, 1966, defendant John Joseph Gramlick, Jr., negligently drove an automobile into the automobile of Woods, which Woods was driving and in which the other plaintiffs were riding as passengers. All plaintiffs alleged they incurred certain damages and sought recovery therefor.

The complaint was filed on November 18, 1968. A duplicate original of the complaint was served on November 19, 1968, on the agent for service of appellant Planet Insurance Company, with whom Woods carried a policy of insurance containing uninsured motorist coverage. Defendant Gramlick was personally served on April 3, 1970.

The first responsive pleading of any kind to be filed in the action came on June 23, 1970, when Planet filed a "Motion to intervene," wherein it acknowledged the case was in default but nevertheless sought leave to intervene and be made a party;

and "that it be allowed to file such defensive pleadings as it may deem necessary to plaintiffs' complaint; and that it be given an opportunity to resist the rendition of a judgment operating to its prejudice in this case."

The trial court granted the plaintiffs' motion to strike Planet's motion to intervene. Planet's appeal enumerates the last mentioned order as error. *Held:*

The trial court did not err in granting the plaintiffs' motion to strike the motion to intervene.

When Planet, as an insurer providing uninsured motorist protection to Woods, was served with a duplicate original of the Woods' complaint against Gramlick, it became Planet's right "to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself." Ga. L. 1967, pp. 463, 464 (*Code Ann.* § 56-407.1 (d)). The manner in which this right may be exercised in practice is discussed in *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297):

"[I]f the insurer purports to act in the name of one of the alleged tortfeasors, its action for that party is governed by the rules of practice and procedure applicable to that party, and if that party is in default, it can only remove the default or defend the action in the same manner and to the extent allowed by law for a party in default.

"Likewise, to the extent that it may purport to act directly in its own name, and thereby elect to assume the status of a named party, we think the rules of practice and procedure apply to it commencing [from the time of service via duplicate original] . . . thus, to preserve its rights as to this status, it must act within the time provided by law to avoid default, and failing to do so, it is in no better position than a defaulting party. The guise of a motion to intervene cannot overcome or avoid the effect of a default by a failure to file appropriate pleadings within the time provided by law for one entitled by law to plead in the name of a party defendant or to assume the status of a party defendant."

*Judgment affirmed. Hall, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 13, 1971—DECIDED MAY 6, 1971.

*Bouhan, Williams & Levy, Frank W. Seiler, Walter C. Hartridge,* for appellant.

*Malberry Smith, Jr.,* for appellee.