## 47964. MALCOLM v. COTTON.

STOLZ, Judge. The defendant appeals from a verdict and judgment for the plaintiff in her action for damages for

her personal injuries sustained in an automobile collision resulting from the defendant's making a left turn into the pathway of the oncoming automobile in which the plaintiff was a passenger and which her husband was driving. *Held:*

1. The admission over objection of the testimony of a state trooper, qualified as an expert witness, that the use of automobile headlights was not required by light conditions at the time and place of the collision, on the scene of which he arrived some 45 minutes after the collision, even if error, was not reversible error, since other evidence to the same effect was admitted in the form of similar, unobjected to testimony from witnesses who were on the scene at or shortly after the time of the collision. *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99 (4) (179 SE2d 552).

2. The admission over objection of testimony by the plaintiff's husband as to the precise mechanical forces which caused the property damage to his vehicle and his statement that this information and explanation had been given to him by the "adjusters," was reversible error, since the proper foundation had not been made to qualify the witness to give such evidence, and the testimony he gave was hearsay which, insofar as it related to the existence of liability insurance, was irrelevant and prejudicial to any issue in this damage action. *Black v. New Holland Bapt. Church,* 122 Ga. App. 606, 609 (178 SE2d 571) and cit.

3. It was not error to admit over objection the testimony of the plaintiff's husband regarding the plaintiff's inability to perform her usual activities in the private business operated by the plaintiff and her husband. This evidence was not admitted for the purpose of recovering damages for lost wages or loss of profits, which were not claimed, but was properly admitted to show a decreased ability to labor, which is an element of pain and suffering. *Railway Exp. Agency, Inc. v.*

*Standridge,* 68 Ga. App. 836, 837 (24 SE2d 504) and cit.

4. Although some of the plaintiff's husband's testimony, as to his observation of the plaintiff's disfigurement as a result of the collision, was properly admitted, *Abelman v. Ormond,* 53 Ga. App. 753 (1) (187 SE 393), those portions which constituted his opinions as to what her state of mind was (as emotional, depressed, etc.), were improperly admitted. Green, Georgia Law of Evidence, § 112, n. 132, p. 282, and cit.

5. The charge on future pain and suffering was not unauthorized merely because of the lack of medical testimony. The jury could infer from the plaintiff's testimony and the fact that approximately six years after the infliction of the lacerations the scars still remain, that her physical disfigurement would continue into the future. *Manees v. Scicchitano,* 122 Ga. App. 591 (3) (178 SE2d 262) and cit.

6. It was error for the trial judge to fail and refuse to enter a pre-trial order pursuant to the provisions of Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106), which was mandatory upon the defendant's timely motion therefor. *Smith v. Davis,* 121 Ga. App. 704, 705 (175 SE2d 28), citing *State Hwy. Dept. v. Peters,* 121 Ga. App. 167 (173 SE2d 253). The necessity for such order was not eliminated by the fact that counsel for both parties filed pre-trial memorandums, since such memorandums, even if they were voluntarily followed by both counsel in the trial of the case, did not resolve all of the issues which arose during the trial and they lacked the authoritative and binding effect which only the judge's order could have, providing an advance ruling on the admissibility of certain evidence, without which, "the trial can become a ship without a rudder." See the concurring opinion in *Berger v. Plantation Pipeline Co.,* 121 Ga. App. 362, 366 (173 SE2d 741).

Although the above cited cases recognize the "harmless

error" doctrine with regard to the failure and refusal to enter the mandatory pre-trial order, they also contain 'a strong caveat concerning the extension of this doctrine. See, e.g., the special concurrence in *Smith v. Davis,* 121 Ga. App. 704, supra, p. 709. In the present case, it cannot be held that this error was harmless where the defendant was defending against two separate actions arising out of the same occurrence and involving the admissibility of different types of evidence (the case sub judice and the one by the plaintiff's husband, *Malcolm v. Cotton,* 128 Ga. App. post), where the record affirmatively shows that all of the issues had not been simplified and disputes over admissibility of evidence resolved prior to the trial, to which rights the defendant was entitled and the deprivation of which resulted in the errors in the trial which have been hereinabove pointed out, and where the plaintiff recovered a $10,000 verdict and judgment against the defendant. The defendant did not waive this right, but made a timely motion therefor and a motion for a continuance upon the call of the case for trial, partially on this ground, which motion was denied.

Accordingly, the trial judge erred in entering judgment on the verdict and in overruling the defendant's motion for a new trial as amended.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

SUBMITTED MARCH 7, 1973 — DECIDED APRIL 3, 1973.

*Ross & Finch, I. J. Parkerson, Malcolm P. Smith,* for appellant.

*W. P. Wilbanks,* for appellee.