## 48675. YEOMANS v. SMITH et al.

HALL, Presiding Judge. The defendant Yeomans appeals from entry against him of a judgment rendered on a jury verdict in a suit, arising out of an automobile collision at an intersection, combining a claim by a surviving husband and children for the wrongful death of their respective wife and mother and the individual personal injury action of the surviving husband.

1. Error is enumerated on the failure of the trial judge to enter a pre-trial order pursuant to defendant's motion, when a pre-trial conference had been had pursuant to Code Ann. § 81A-116 (Ga. L. 1966, pp. 609, 628; 1967, pp. 226, 231; 1968, pp. 1104, 1106). Defendant urges the applicability of *Malcolm v. Cotton,* 128 Ga. App. 699, 701 (197 SE2d 760), which found such failure to be harmful error where defendant was defending against two separate actions arising out of one occurrence involving the admissibility of different evidence, where the issues had not been simplified and evidentiary disputes resolved prior to trial, and where defendant moved for a continuance pending the order and the motion was denied. In the present appeal two separate claims are involved, but the circumstances of *Malcolm v. Cotton* are not otherwise applicable. Our review of the record leads to the conclusion that no harmful error attended the court's failure to

enter the order; defendant requested no continuance; and defendant specifies here no particular manner in which he was harmed by the failure. Though the language of the statute is mandatory and it is error for the court to fail to comply, on this record we must conclude that such error was harmless. Accord, *Smith v. Davis,* 121 Ga. App. 704, 706 (175 SE2d 28); *State Hwy. Dept. v. Peters,* 121 Ga. App. 167, 171 (173 SE2d 253).

2. The second enumeration of error is without merit for the reasons stated in *Eschen v. Roney,* 127 Ga. App. 719 (194 SE2d 589).

3. Finally, defendant enumerates as error the charge of the court concerning the right of way at controlled intersections. The charge was founded upon Code Ann. § 68-1652 (Ga. L. 1953, Nov. Sess., pp. 556, 590). The objection urged at trial and considered here was that the charge was not adjusted to the facts of the case because plaintiff, Mr. Smith, testified that upon entering the through street from the side street he did not see defendant's vehicle approaching. The charge of the court was proper and this conclusion is not undercut by plaintiff's testimony. Accord, *Continental Can Co. v. Price,* 123 Ga. App. 356, 358 (180 SE2d 923); *Strong v. Palmour,* 113 Ga. App. 750 (149 SE2d 745). In both of the cited cases there was testimony, by the defendant in *Continental Can Co.,* and by the plaintiff in *Strong,* that the colliding vehicle could not be seen at all.

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED OCTOBER 4, 1973 — DECIDED JANUARY 9, 1974.

*Zorn & Royal, William A. Zorn,* for appellant.
*Taylor, Bishop & Lee, A. Blenn Taylor,* for appellees.