## 52835. GEORGIA MUTUAL INSURANCE COMPANY v. WILLIS.

CLARK, Judge.

Georgia Mutual Insurance Company as uninsured motorist carrier for plaintiff appeals from a verdict and judgment for plaintiff and the denial of its amended motion for new trial. Plaintiff was its insured who sued Robert W. Fort, an uninsured motorist, for damages arising out of a collision between their automobiles which occurred at a highway intersection controlled by a stop sign.

1. Following service upon it as uninsured motorist carrier Georgia Mutual filed an answer in its own name. The tortfeasor defendant did not file any pleadings. The first enumeration complains that the court erred in charging the jury that "The defendant Robert W. Fort, did not file an answer, and under the law, when a defendant fails to file an answer denying liability, such defendant

admits liability but not as to any specific amount."

Although this is a correct statement of law, it is error to give such instruction to the jury where the insurance company is contesting the suit in its own name.

The uninsured motorist statute provides for service of the pleadings "upon the insurance company issuing the policy as though such insurance company was actually named as a party defendant . . . [and] the insurance company issuing the policy shall have the right to file pleadings, and take other action allowable by law in the name of the owner or operator or both or itself." Ga. L. 1967, pp. 463, 464; (Code Ann. § 56-407.1 (d)). The effect of this statutory provision is discussed in *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297). There the court concluded that whether the insurer acted in its own name and thereby elected to assume the status of a named party or in the name of the tortfeasor, that the rules of practice and procedure applied to it. See also *State Farm Mut. Auto Ins. Co. v. Glover*, 113 Ga. App. 815 (149 SE2d 852); *Jiles v. Smith*, 118 Ga. App. 569 (164 SE2d 730); *Planet Ins. Co. v. Woods*, 123 Ga. App. 752, 753 (182 SE2d 520); *Railey v. State Farm Mut. Auto Ins. Co.*, 129 Ga. App. 875 (3) (201 SE2d 628).

In *Glover v. Davenport*, 133 Ga. App. 146, 147 (210 SE2d 370) this court said " '[A] person may waive or renounce what the law has established in his favor, *when he does not thereby injure others* or affect the public interest.' (Emphasis supplied.) Code § 102-106. Thus, although the named, served defendant could and did waive his right to defend against the action, his waiver and default can not be permitted to injure the statutory right of the appellee insurer to defend the action in its own name, which would be the result if the insurer were held to be bound by the defendant's admissions, as the appellant contends. . ."

Giving this instruction constituted harmful error.

2. After charging correctly as to the duty of an automobile driver to exercise ordinary care, the court then added the following: "The exercise of sufficient care requires him or her to make observations at a point or points where his or her observations will be efficient for the protection from injury to persons or property, and

requires the seasonable and effective use of a driver's sense of sight to observe timely traffic signals and signs, highway markers, obstructions to vision, curves or bends of the road, and everything else that might warn him or her of possible danger." This was error in that it amounted to instructing the jury as to what ordinary care requires. *Hunt v. Pollard,* 55 Ga. App. 423 (1) (190 SE 71); *Davis v. Whitcomb,* 30 Ga. App. 497 (2) (118 SE 488). "Whether the commission of acts other than those prescribed by statute or a valid municipal ordinance constitutes negligence is exclusively for determination by the jury and it is error for a trial judge in his charge to declare a particular act or omission to be negligence." *Western & A. R. v. Mansfield,* 98 Ga. App. 421 (105 SE2d 804). See also *Tift v. Jones,* 77 Ga. 181 (6) (3 SE 399).

3. The third enumeration complains of the court having charged Code § 68-1650 (b) as to the duty to yield the right of way at an intersection and the fourth assignment argues error in the instruction of the duties of a motorist as set forth in Code § 68-1652 (a). Since the intersection involved here was controlled by a stop sign the provisions of these two sections are not applicable. They should not be charged because such instructions along with the statutes as to stop sign intersections would leave the jury free to apply two standards as to the right of way, one of which had no application. *Continental Can Co. v. Price,* 123 Ga. App. 356 (180 SE2d 923); *Strong v. Palmour,* 113 Ga. App. 750 (1) (149 SE2d 745). The trial court did in fact charge correctly the law as to a "stop sign intersection" by following the directive stated on p. 357 of the *Continental Can Co.* case that "The correct right of way rules to be applied concerning entry into a through highway from a controlled intersection are found in *Code Ann.* § 68-1652 (a) and (b)."

4. As the court correctly charged the law as to duties of motorists at a stop sign intersection, there is no merit in the fifth enumeration.

5. Assignments six and seven deal with the court's action in failing to take curative action and denying a defense motion for mistrial based upon improper argument by plaintiff's attorney.

The argument complained of dealt with the

responsibility owed plaintiff as Georgia Mutual's insured under its uninsured motorist provision. The language used indicated that this insurer was not permitted to test the question of liability and culminated with an accusation describing it as a "treacherous company like that. If anybody ever needed a lawyer it's the insureds of that company." This was irrelevant character assassination of an inflammatory and prejudicial nature. "Treacherous" is synonymous with "faithless, false, insidious" and is defined as "traitorous; perfidious; . . . untrustworthy," according to Webster's New International Dictionary (2d Ed.).

The facts here did not warrant such condemnatory characterization.

"Where counsel makes improper remarks of a highly prejudicial nature in his argument to the jury, and opposing counsel moves for a mistrial, the court should either grant such motion or rebuke or reprimand offending counsel in a manner reasonably sufficient to remove the harmful effect of the argument upon the jury." *United Motor &c. Co. v. Hixon,* 76 Ga. App. 653 (1) (47 SE2d 171). See also citations at p. 655 of that opinion and Code Ann. § 81-1009. The importance of assuring a fair trial free of argument appealing to prejudice is well stated in *Knowles v. Dayries Rice Co.,* 10 Ga. App. 567 (73 SE 856).

6. In view of the foregoing rulings which result in a new trial we deem it unnecessary to deal with the alleged evidentiary error.

*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED OCTOBER 27, 1976.

*Martin, Snow, Grant & Napier, George C. Grant,* for appellant.

*Mullis, Reynolds, Marshall & Horne, Carl Reynolds, Gerald S. Mullis,* for appellee.