appellee.

## 53682. ATLANTA CAR FOR HIRE ASSOCIATION, INC. v. SNEAD et al.

MARSHALL, Judge.

In this action by the appellees for personal injuries and property damage arising from a collision of their automobile with a taxicab, the defendants were the taxicab driver; the two owners of the cab d/b/a a taxi company; the appellant association, for and in behalf of which the cab was allegedly being driven; and a husband and wife, the owner and driver, respectively, of another automobile, which allegedly caused the cab to swerve into the path of the plaintiffs' vehicle. The claim was predicated on the negligence of the two drivers and the imputed liability of the owners of the vehicles and the alleged principals.

The appellant's answer, generally denying the allegations of the complaint, was later amended to admit that the co-defendant cab driver was its agent and had been driving the cab within the scope of his agency, but to deny that the cab owners were its agents. One of the cab owners individually and corporately answered, denying the agency of the other cab owner and the cab driver as to him and the taxicab company.

The plaintiffs and the appellant entered into an agreement, approved as an order by the court, whereby the appellant agreed to pay any judgment which might be rendered against the cab driver to the extent of its liability coverage, and the plaintiffs agreed to dismiss the action against all other defendants except the cab driver and the husband and wife.

Subsequently, default judgment was entered against the cab driver and the owner who had not answered, and the husband and wife were dismissed as parties defendant for lack of service. Summary judgment was then granted in favor of the plaintiffs against the appellant, from which this appeal was taken. *Held:*

At the time the motion for summary judgment was

granted, the status of the case was as follows: The plaintiffs had agreed to dismiss the action against all the defendants except the cab driver, the husband and wife, and the appellant. When the husband and wife were eliminated from the case by dismissal for lack of service, the sole parties defendant remaining were the cab driver and the appellant. (Although default judgment had been entered against the nonanswering cab co-owner, as well as the cab driver, the said co-owner was released as a judgment debtor by the plaintiffs' agreement.) The appellant had admitted that the cab driver was its agent and that he had been driving the cab within the scope of his agency. This was an admission of joint liability with the cab driver for the negligence of the driver causing the damage sued for, which negligence had been established by the default judgment. Code Ann. § 81A-155 (a) (Ga. L. 1966, pp. 609, 659; 1967, pp. 226, 238).

Accordingly, it was proper to enter summary judgment against the appellant for liability only, the amount of damages for which the two joint judgment debtors (i.e., the cab driver and the appellants) are liable to be determined by a jury after the introduction of evidence. Code § 81A-155 (a), supra.

The appellant argues the principle that the liability of a defaulting agent can not be imputed to a nondefaulting principal. See generally, *Benson v. Lewis,* 176 Ga. 20 (2) (166 SE 835) (1932); *Tate v. Goode,* 135 Ga. 738 (1) (70 SE 571) (1911); *Ga. Mut. Ins. Co. v. Willis,* 140 Ga. App. 225 (1) (230 SE2d 363) (1976); *Avis Rent A Car System, Inc. v. Rice,* 132 Ga. App. 857 (2) (209 SE2d 270) (1974); 6 Moore's Federal Practice, 55-81, ¶ 55.06; and 78 ALR 938. This principle does not apply in the present case, however, where the appellant principal has admitted agency and the agent's action within the scope of his agency, and agreed to be liable for any judgment which might be rendered against the agent within the limits of its liability insurance coverage.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued April 6, 1977 — Decided May 12, 1977.

*Murray & Temple, Edward J. Bauer,* for appellant.
*James W. Lewis,* for appellees.