34904. HARLEY-DAVIDSON MOTOR COMPANY, INC. et al. v. DANIEL.

UNDERCOFLER, Presiding Justice.

This certiorari presents two questions: one procedural, one substantive. The procedural question involves the issue whether an objection must be made at trial to certain evidence which has already been ruled admissible in a pretrial motion in limine in order to preserve that ruling for appeal. The substantive question concerns the admissibility of a recall letter from the manufacturer of an allegedly defective motorcycle in a products liability suit. The trial court denied the motion in limine and the recall letter was admitted at trial without objection. The Court of Appeals affirmed, holding that since the necessary procedural objection to the recall letter was not made at trial, the overruling of the motion in limine was waived and thus not appealable, but did not reach the substantive issue. *Harley-Davidson Motor Co. v. Daniel,* 149 Ga. App. 120 (253 SE2d 783) (1979). We affirm the Court of Appeals' affirmance of the trial court, which correctly denied the motion in limine and admitted

the recall letter at trial, but disapprove of the Court of Appeals ruling that an objection is necessary at trial to preserve the denial of the motion in limine for appeal.

Luther Morris Daniel was injured in a motorcycle accident, which he alleged was caused by a faulty piston seal, manufactured by Kelsey-Hayes, Inc., on the rear brakes of his Harley-Davidson motorcycle. Both of these defendants were held liable by a jury under a strict products liability theory. After his accident, Daniel had received a recall letter warning owners of defects in the rear brake piston seal.

1. We first consider the procedural question whether, after the motion in limine[1] to exclude the recall letter was denied, an objection to its admissibility at trial was necessary to preserve the issue on appeal. The Court of Appeals relied on foreign authority in holding that the purpose of the pretrial motion was to prevent an unfair trial by exposing the jury to objectionable evidence at trial, even if it is ruled inadmissible. It reasoned that since the prejudice to the jury rationale does not apply until the evidence appears before the jury at trial, the objection at trial is necessary to preserve for appeal the adverse ruling on the motion in limine. We find this theory highly technical and the objection superfluous and disagree with the Court of Appeals.

A motion in limine is similar in purpose and function to a preliminary ruling on evidence at a pretrial

---

[1]"The purpose in filing a motion in limine to suppress evidence or to instruct opposing counsel not to offer it is to prevent the asking of prejudicial questions and the making of prejudicial statements in the presence of the jury with respect to matters which have no proper bearing on the issues in the case or on the rights of the parties to the suit. It is the prejudicial effect of the questions asked or statements made in connection with the offer of the evidence, not the prejudicial effect of the evidence itself, which the motion in limine is intended to reach." Bridges v. City of Richardson, 163 Tex. 292 (354 SW2d 366, 367) (1962). Accord, Burrus v. Silhavy, 293 NE2d 794 (Ind. 1973); Twyford v. Weber, 220 NW2d 919 (Iowa, 1974).

conference. Code Ann. § 81A-116 (5). See *Malcolm v. Cotton,* 128 Ga. App. 699 (197 SE2d 760) (1973). The order, like a pretrial order, "controls the subsequent course of the action, unless modified at trial to prevent manifest injustice." Code Ann. § 81A-116. It is an interlocutory ruling, appealable with the final judgment. As always, prejudice (harm) must be shown.[2] See *Dawkins v. Thomas Hair &c. Corp.,* 145 Ga. App. 568 (244 SE2d 88) (1978); *Yeomans v. Smith,* 130 Ga. App. 574 (203 SE2d 926) (1974); *Smith v. Davis,* 121 Ga. App. 704 (175 SE2d 28) (1970). All the purposes of an objection have already been fulfilled by the proceedings on the motion in limine. The trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes. Therefore, we see no reason for another objection at trial in order to preserve the denial of the motion on appeal.

This holding is also consistent with the Federal Rules of Evidence. 28 USCA Rules of Evidence § 103(c). Reyes v. Missouri Pacific R. Co., 589 F2d 791 (5th Cir., 1979). Wright & Graham, Federal Practice and Procedure: Evidence § 5037. Knowing in advance that the objectionable evidence will be admitted, it may be in the movant's interest to introduce what he considers highly prejudicial evidence himself in order to ameliorate its effect on the jury. Such trial tactics have not been considered a waiver of the movant's right to appeal the denial of a motion in limine by the Fifth Circuit Court of Appeals. Reyes v. Missouri Pacific R. Co., supra, p. 793, n. 2. A fortiori, failure to object at trial when the evidence is introduced by the other party cannot constitute a waiver. Requiring another objection indeed may further highlight the inflammatory evidence, as well as unduly burden the trial court, which has already ruled on the issue. We thus disapprove of the Court of Appeals' opinion insofar as it holds that an objection at trial is necessary.

2. In ruling on the substantive question whether a

---

[2]Obviously, if the evidence is never offered at trial, the denial of the motion in limine is harmless. See State v. Garrett, 183 NW2d 652 (Iowa, 1971).

Congressionally mandated recall letter[3] is admissible against the manufacturer of an allegedly defective product, we rely on the common-sense rule of the other jurisdictions that have already faced this question.[4] The recall letter is admissible as long as there is first introduced some independent proof that the particular product in question suffered from the same defect. The recall letter alone is insufficient to create a jury issue of the presence of such a defect in the product. But, it is relevant on the question whether the defect was present when the car left the manufacturer. See Nevels v. Ford Motor Co., 439 F2d 251 (5th Cir., 1971) (affirming the district court of the middle district of Georgia). Thus, the subsequent repair doctrine, *Ga. Southern & F. R. Co. v. Cartledge,* 116 Ga. 164 (42 SE 405) (1902), relied on by Harley-Davidson, is, in this context, inapposite. *Glynn Plymouth, Inc. v. Davis,* 120 Ga. App. 475 (170 SE2d 848) (1969) affd. on other grounds, 226 Ga. 221 (173 SE2d 691) (1970).

We hold that where there is prior independent evidence of the alleged defect in the involved product, here Daniels' motorcycle, the prejudicial impact of a recall letter is outweighed by its relevance on the issue whether the product was defective when it left the hands of the manufacturer, and is admissible.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1979 — DECIDED SEPTEMBER 7, 1979 —
REHEARING DENIED SEPTEMBER 25, 1979.

*Long, Weinberg, Ansley & Wheeler, Arnold Wright,*

---

[3]Pub. L. No. 89-563, 80 Stat. 852 (1966); 15 USCA § 1381-1431 (1974).

[4]Manieri v. Volkswagenwerk A.G., 376 A2d 1317 (N.J., 1977); Barry v. Manglass, 389 NYS2d 870 (1976); Fields v. Volkswagen of America, Inc., 555 P2d 48 (Okla., 1976). But see Vockie v. General Motors Corp., 66 FRD 57 (E.D. Penn., 1975); Landry v. Adam, 282 S2d 590 (La., 1973).

*Jr., John H. Stanford, Jr., Barry S. Mittenthal,* for appellants.

*Barnes & Browning, Roy E. Barnes,* for appellee.