### 36869. KILGORE v. THE STATE.

UNDERCOFLER, Justice.

The question in this granted certiorari is whether the defendant must object to evidence, which was the subject of a motion to suppress that has already been overruled, when that evidence is admitted at the trial under the same facts. We answer in the negative and reverse the Court of Appeals. *Kilgore v. State,* 155 Ga. App. 739 (272 SE2d 505) (1980).

In so holding, we adopt the reasoning applied on a similar question relating to objecting to evidence admitted at trial, which was already ruled admissible in a motion in limine. *Harley-Davidson Motor Co. v. Daniel,* 244 Ga. 284, 285 (260 SE2d 20) (1979): "A motion in limine is similar in purpose and function to a preliminary ruling on evidence at a pretrial conference. Code Ann. § 81A-116 (5). See *Malcolm v. Cotton,* 128 Ga. App. 699 (197 SE2d 760) (1973). The order, like a pretrial order, 'controls the subsequent course of the action, unless modified at trial to prevent manifest injustice.' Code Ann. § 81A-116. It is an interlocutory ruling, appealable with the final judgment. As always, prejudice (harm) must be shown. See *Dawkins v. Thomas Hair &c. Corp.,* 145 Ga. App. 568 (244 SE2d 88) (1978); *Yeomans v. Smith,* 130 Ga. App. 574 (203 SE2d 926) (1974); *Smith v. Davis,* 121 Ga. App. 704 (175 SE2d 28) (1970). All the purposes of an objection have already been fulfilled by the proceedings on the motion in limine. The trial court has been apprised of the possible error in admitting the evidence and has made its ruling, and the record has been perfected for appeal purposes. Therefore, we see no reason for another objection at trial in order to preserve the denial of the motion on appeal.

". . . [F]ailure to object at trial when the evidence is introduced by the other party cannot constitute a waiver. Requiring another objection indeed may further highlight the inflammatory evidence, as well as unduly burden the trial court, which has already ruled on the issue. We thus disapprove of the Court of Appeals' opinion insofar as it holds that an objection at trial is necessary."

The decisions relied on by the Court of Appeals are distinguishable. In those cases either the motion to suppress was not

ruled on, *Yarbrough v. State,* 151 Ga. App. 474 (260 SE2d 369) (1979); *Sisson v. State,* 141 Ga. App. 559 (234 SE2d 146) (1977), or there was an affirmative and specific waiver by the defense at trial, *Abrams v. State,* 144 Ga. App. 874 (242 SE2d 756) (1978); *Carter v. State,* 137 Ga. App. 823 (225 SE2d 64) (1976).

*Judgment reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 2, 1981.

*Timothy A. McCreary,* for appellant.
*Daniel Sammons, Assistant District Attorney,* for appellee.