S98A0707. GISSENDANER v. THE STATE.
(500 SE2d 577)

THOMPSON, Justice.

Kelly Renee Gissendaner has been charged by indictment with

---

[2] *Jackson v. Virginia,* 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Stewart v. State,* 263 Ga. 843, 846 (440 SE2d 452) (1994).

malice murder, felony murder, and possession of a knife, in connection with the stabbing death of her husband, Douglas Morgan Gissendaner. The State is seeking the death penalty.

We granted Gissendaner's application for interlocutory review of an order denying a motion to suppress her custodial statements. Because defendant's statements were obtained after the invocation of her right to counsel in violation of *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), and its progeny, we reverse.

The evidence adduced at the suppression hearing shows that on February 18, 1997, 11 days after she reported the disappearance of her husband, Gissendaner became a target of the investigation, based on a statement given to investigating officers by her co-indictee, Gregory Bruce Owen.

On the following day, Gwinnett County Police Investigator Davis spoke with Gissendaner by telephone and requested a meeting. Later that day, Davis returned a telephone message from attorney Nelson Turner who told the officer that he had met with Gissendaner, that she was interested in having him represent her in this case, and that he wanted to be present at any further interviews between the police and Gissendaner. They tentatively arranged for the three to meet on February 21. Davis did not hear from Turner again, nor did he attempt to contact Turner. Davis acknowledged that he informed all law enforcement officers involved in the investigation of his conversation with Turner.

On February 21, 1997, Davis went to Gissendaner's home to inform her that a body found the day before had been positively identified as that of her husband. Davis, along with other officers, returned to Gissendaner's home at 1:30 a.m. on February 25, 1997, and arrested her for the murder of her husband. According to the testimony of Gissendaner's mother, a witness at the time of the arrest, Gissendaner asked Davis if she could use the telephone to call her attorney before leaving for the Gwinnett County police headquarters. Gissendaner's mother further stated that the detective told Gissendaner that she could not call her attorney, but that she (her mother) would have to contact him. Davis testified that while he could not recall that conversation, it was possible that such a conversation had occurred.

Detectives Davis and Burnette escorted Gissendaner from her home in handcuffs, placed her in a police vehicle, and transported her to police headquarters. While en route, Davis administered *Miranda* warnings; Gissendaner was not asked to sign a waiver of rights form. Davis testified: "I asked Ms. Gissendaner after I read her those rights would she speak with us and she . . . said yes, she would." Burnette testified that while in the police car, Gissendaner asked when a lawyer would be appointed for her, and he responded

that he thought she was represented by Nelson Turner. She stated that she had spoken to Turner but had not paid him a retainer.

They arrived at the Gwinnett County Police Department at 1:50 a.m. Davis acknowledged that "we brought her in and asked her and she agreed to speak with us." He admitted that the interview had not been initiated by Gissendaner. Burnette testified that he proceeded to interrogate Gissendaner despite his knowledge that she had consulted with attorney Turner. The officers then began an interview which lasted about two hours and was filmed on videotape.

Under *Edwards v. Arizona*, supra, authorities may not interrogate a suspect in custody who has requested counsel, unless counsel is made available, or the accused initiates further communication with the police. *Mosher v. State*, 268 Ga. 555 (3) (491 SE2d 348) (1997); *Jordan v. State*, 267 Ga. 442 (1) (480 SE2d 18) (1997). "Invocation of the *Miranda* right to counsel, 'requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney.' [Cit.]" *Davis v. United States*, 512 U. S. 452, 459 (114 SC 2350, 129 LE2d 362) (1994). At the time of Gissendaner's arrest, both Detectives Davis and Burnette knew that Gissendaner had consulted with attorney Turner, who had requested that no interviews be conducted in his absence. Gissendaner's request to telephone her attorney before leaving her home must reasonably be construed as a request to have her attorney present. Finally, Davis testified that it was he, and not Gissendaner, who had initiated the questioning. The uncontroverted facts clearly show that Gissendaner's rights under the Fifth and Sixth Amendments to the U. S. Constitution have been violated by the conduct of law enforcement authorities. *Edwards v. Arizona*, supra; *Michigan v. Jackson*, 475 U. S. 625 (106 SC 1404, 89 LE2d 631) (1986). Accordingly, the trial court's ruling in this regard was clearly erroneous. *Walton v. State*, 267 Ga. 713 (3) (482 SE2d 330) (1997).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 26, 1998.

*Edwin J. Wilson, Steven M. Reilly,* for appellant.
*Daniel J. Porter, District Attorney, Phil Wiley, Nancy J. Dupree, George F. Hutchinson III, Assistant District Attorneys,* for appellee.