S03A0981, S03A1068. SIMPSON v. THE STATE (two cases).
(589 SE2d 90)

FLETCHER, Chief Justice.

A jury in Fulton County convicted Corey Cordell Simpson of felony murder, aggravated assault, and possession of a firearm during the commission of a felony in the shooting death of Charles Patrick.[1] Simpson contends that his statement to police was improperly admitted at trial because he made the statement after being denied the right to counsel. Because we find that the evidence does not support Simpson's claim that he invoked his right to counsel, and because none of Simpson's other claims have any merit, we affirm the convictions.

1. The evidence presented at trial shows that on or about May 11, 1998, Simpson and two co-defendants formed a plan to rob a marijuana dealer, Charles Patrick. The three accomplices drove to Patrick's apartment complex, and Simpson and another accomplice armed themselves with guns and approached Patrick while the third remained in the getaway car. Simpson claimed that he ran away after his accomplice confronted the victim with the gun, and that he

---

[1] The crimes were committed on or around May 11, 1998. On April 2, 1999, a grand jury indicted Simpson and two co-defendants with malice murder, felony murder, aggravated assault, armed robbery, kidnapping with bodily injury, and possession of a firearm during the commission of a felony. The charge of kidnapping with bodily injury was dismissed before trial. On May 7, 1999, the jury convicted Simpson of felony murder, aggravated assault, and possession of a firearm in the commission of a felony. The aggravated assault charge merged with felony murder as a matter of law. The jury acquitted Simpson of malice murder, and hung on armed robbery. On May 17, 1999, Simpson was sentenced to life in prison for felony murder, and five years consecutive probation for possession of a firearm during the commission of a felony. Simpson moved for a new trial on May 27, 1999, and amended his motion on July 31, 2002. The trial court denied the amended motion on January 15, 2003. Simpson filed his timely notice of appeal on January 21, 2003. The case was docketed in this Court on March 20, 2003, and was submitted on the briefs on May 26, 2003.

returned to the getaway car. Patrick died of a gunshot wound to the chest.

After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that there was sufficient evidence for a rational trier of fact to find Simpson guilty of the crimes for which he was convicted.[2]

2. Simpson argues that his statement to police should not have been admitted at trial because he made the statement after requesting, but not receiving, legal representation. When a suspect in custody unequivocally invokes his right to an attorney, all interrogations of that suspect must cease until an attorney is provided or the suspect offers to restart the interrogation process.[3] In this case, however, the trial court determined, in a *Jackson v. Denno*[4] hearing, that the evidence showed that Simpson had not unequivocally requested an attorney and that he voluntarily gave his statement to police. Although Simpson claimed that he did request an attorney, the evidence showed that he was informed of his *Miranda*[5] rights, including the right to an attorney, and that he signed a waiver of rights form. Contrary to Simpson's assertion, the interrogating officer testified that Simpson never requested an attorney prior to giving his statement. Given the conflicting evidence, the trial court's credibility determination was not clearly erroneous.[6]

Contrary to the State's argument, however, Simpson did not waive this argument by failing to renew his objection to the admission of the statement when it was introduced at trial. As with motions in limine[7] and motions to suppress,[8] failing to renew an objection at trial after an unfavorable ruling at a *Jackson v. Denno* hearing does not waive the objection. As we noted in *Harley-Davidson Motor Co.*, which dealt with motions in limine, such an objection would be "superfluous" because the "trial court has been apprised of the possible error in admitting the evidence and has made its ruling."[9] Further, requiring a second objection "may further highlight the inflammatory evidence, as well as unduly burden the trial court, which has already ruled on the issue."[10]

3. Simpson also contends that the trial court erred by charging

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981); *Gissendaner v. State*, 269 Ga. 495, 497 (500 SE2d 577) (1998).
[4] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).
[5] 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[6] *Hammond v. State*, 273 Ga. 442, 447 (4) (542 SE2d 498) (2001); *Turner v. State*, 267 Ga. 149, 156 (6) (476 SE2d 252) (1996); *Tate v. State*, 264 Ga. 53, 54 (440 SE2d 646) (1994).
[7] *Harley-Davidson Motor Co. v. Daniel*, 244 Ga. 284, 285-286 (260 SE2d 20) (1979).
[8] *Kilgore v. State*, 247 Ga. 70, 70 (274 SE2d 332) (1981).
[9] 244 Ga. at 285-286.
[10] Id. at 286.

the jury that it could convict Simpson for aggravated assault in a manner not alleged in the indictment. The indictment alleged that Simpson and his two accomplices assaulted Patrick by shooting him with a gun, and the jury charge authorized the jury to convict Simpson of aggravated assault if, by his actions, he either shot Patrick or placed Patrick in reasonable apprehension of being shot. "It is error to charge the jury that a crime may be committed by two methods, when the indictment charges it was committed by one specific method."[11]

The indictment did not and need not, however, specify the manner in which the defendant committed the simple assault, when that is a lesser included offense within the greater offense of aggravated assault.[12] Instead, an indictment for aggravated assault should, as it did in this case, allege the aggravating aspect of the simple assault. This indictment was sufficient to put Simpson on notice that he could be convicted for aggravated assault if he committed a simple assault in either manner contained in the simple assault statute,[13] so long as the State proved that he did so by use of a gun.[14] The two charged methods of committing simple assault, as an element of aggravated assault, did not provide an improper basis for the jury to convict Simpson of aggravated assault.[15] "[T]he trial court did not charge a separate, unalleged method of committing aggravated assault, but simply defined both methods of committing simple assault, a lesser included offense."[16] Because the jury's charge did not authorize a conviction in a manner other than that alleged in the indictment, the charge was not erroneous. To the extent that *Salahuddin v. State*[17] implies that the charge given in this case constituted reversible error, that decision will not be followed.

4. Finally, Simpson alleges that his trial counsel was ineffective in multiple ways. In order to prevail on a claim of ineffective assistance of counsel, Simpson must show that the actions of his attorney were deficient and that there is a reasonable probability that the deficient conduct caused him actual prejudice.[18]

(a) First, Simpson argues that his attorney was ineffective

[11] (Punctuation omitted.) *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987), quoting *Walker v. State*, 146 Ga. App. 237, 240 (246 SE2d 206) (1978); see also *Harwell v. State*, 270 Ga. 765 (512 SE2d 892) (1999).

[12] *Adams v. State*, 264 Ga. 71, 76 (9) (440 SE2d 639) (1994).

[13] OCGA § 16-5-20.

[14] *Merneigh v. State*, 242 Ga. App. 735 (531 SE2d 152) (2000).

[15] *Bates v. State*, 275 Ga. 862, 864-865 (3) (572 SE2d 550) (2002); *Marsh v. State*, 254 Ga. App. 342 (562 SE2d 269) (2002).

[16] *Heard v. State*, 257 Ga. App. 315, 317 (573 SE2d 82) (2002).

[17] 241 Ga. App. 168 (525 SE2d 422) (1999).

[18] *Strickland v. Washington*, 466 U. S. 668, 687-688 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782, 783 (325 SE2d 362) (1985).

because he failed to reserve Simpson's objection to the aggravated assault charge, discussed in division three, which allegedly authorized the jury to convict Simpson for aggravated assault in a manner not alleged in the indictment. Because the instruction was not erroneous, however, Simpson's attorney did not act unreasonably by failing to object to it.[19]

(b) Next, Simpson contends that his attorney was ineffective for failing to cross-examine certain witnesses about their alleged violation of the trial court's order to refrain from speaking to other witnesses about the case. The record reveals that Simpson's attorney conducted an adequate cross-examination of these witnesses. The scope of cross-examination is grounded in trial tactics and strategy, and will rarely constitute ineffective assistance of counsel.[20]

(c) Simpson also contends that his attorney was ineffective for advising Simpson not to testify on his own behalf. In the realm of specific decisions regarding trial strategy, and in particular decisions about which witnesses should be called to testify, defense attorneys are afforded wide discretion.[21] The record shows that Simpson was informed that it was his decision whether or not to testify on his own behalf and that Simpson declined to do so, on the advice of counsel. Simpson cannot complain about "his own election to follow the reasonable tactical advice of his lawyer."[22]

Simpson has failed to make any colorable argument either that his attorney acted unreasonably or that the conduct caused him any prejudice. These alleged errors simply do not rise to the standard set for a claim of ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur, except Thompson and Hines, JJ., who concur in Divisions 1, 3, 4, and in the judgment.*

DECIDED NOVEMBER 17, 2003.

*Amy C. Meyer*, for appellant.
*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Marc A. Mallon*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Madonna M. Heinemeyer*, Assistant Attorney General, for appellee.

---

[19] *Hayes v. State*, 262 Ga. 881, 884-885 (426 SE2d 886) (1993) ("[f]ailure to make a meritless objection cannot be evidence of ineffective assistance [of counsel]").
[20] *Butler v. State*, 273 Ga. 380, 385 (541 SE2d 653) (2001).
[21] *Dewberry v. State*, 271 Ga. 624, 625 (523 SE2d 26) (1999).
[22] *Doctor v. State*, 275 Ga. 612, 615 (571 SE2d 347) (2002).