## S08A0272. THE STATE v. SAMMONS.
### (659 SE2d 598)

BENHAM, Justice.

Edith Tillyne Sammons is awaiting trial on an indictment charging her with malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime in connection with the death of her husband on July 8, 1998.[1] Sammons filed a motion to suppress statements she made to law enforcement authorities on July 9 and 10, 1998, and the trial court granted the motion in part. The State appeals directly[2] from this order pursuant to OCGA § 5-7-1 (a) (4).

At the *Jackson-Denno*[3] hearing, the trial court heard evidence concerning five statements made over a two-day period by Sammons to law enforcement authorities who were investigating a domestic violence complaint received from a local women's shelter and to an investigator from the Bulloch County Sheriff's Department who was looking into the death of Sammons' husband. The trial court refused to suppress two statements Sammons made prior to her arrest, as well as a written statement she made after her arrest and the recitation and waiver of her rights pursuant to *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Citing *Edwards v. Arizona,* 451 U. S. 477, 484-485 (101 SC 1880, 68 LE2d 378) (1981) and *Walton v. State,* 267 Ga. 713 (482 SE2d 330) (1997), the trial court ruled inadmissible two statements Sammons made after invoking her right to counsel.

It is undisputed that, on July 9, 1998, an attorney asking for Sammons arrived at the sheriff's office while Sammons was making a written custodial statement. The attorney and Sammons conferred,

---

[1] A jury convicted Sammons of her husband's murder in the spring of 1999 and she received a life sentence with 25 years to serve. In 2005, we reversed the conviction due to a violation of Sammons' constitutional right to be present at all the proceedings against her. *Sammons v. State,* 279 Ga. 386 (612 SE2d 785) (2005). The case was returned to the trial court for a new trial.

[2] See OCGA § 5-7-2.

[3] *Jackson v. Denno,* 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

Sammons ceased writing her statement, the custodial interrogation terminated with Sammons' invocation of counsel, and Sammons was placed in a jail cell. The trial court found that the parties agreed that the interview would be continued after Sammons had been given the opportunity to rest. On July 10, 1998, the day after the termination of the custodial interrogation, the investigator removed Sammons from her cell and resumed the videotaped interview without counsel being present. The trial court suppressed the videotape of the resumed interview, as well as the written statement Sammons gave at that time.

1. The United States Supreme Court has held that, pursuant to the Fifth Amendment to the United States Constitution, an accused has a right to an attorney during a custodial interrogation. *Miranda v. Arizona*, 384 U. S. at 469-470. The United States Supreme Court further announced a rule in *Edwards v. Arizona*, 451 U. S. at 484-485 which provides in pertinent part that

> an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

We have adopted a "bright-line rule" that counsel must be present during all police-initiated interrogations once the accused invokes the right to counsel. *Roper v. State*, 258 Ga. 847, 851 (375 SE2d 600) (1989). After the invocation of counsel, a statement made to authorities outside the presence of counsel may only be admissible if (1) the accused initiated further communication with the authorities and (2) the accused knowingly and intelligently waived her previous invocation of counsel. *Height v. State*, 281 Ga. 727, 728 (2) (642 SE2d 812) (2007); *Walton v. State*, 267 Ga. 713, 715 (2) (482 SE2d 330) (1997).

There is no dispute that Sammons invoked her right to counsel on July 9 when she met with her attorney. The State contends, however, that because Sammons was allowed to meet with counsel on July 9, the rule in *Edwards v. Arizona* was satisfied and it had the right to continue its interrogation on July 10 outside the presence of counsel. This contention is inconsistent with the law. We have held that merely allowing the accused to have a conversation with counsel does not obviate the rule propounded by *Edwards v. Arizona*. See *Roper v. State*, 258 Ga. at 851 ("We cannot agree with the state that any opportunity to speak with counsel, no matter how brief, dissolves the *Edwards* presumption"). Indeed, *Edwards* is rigid and only allows continued custodial interrogation under very narrowly-defined circumstances. *Walton v. State*, 267 Ga. at 715. Accordingly,

the fact that Sammons was able to meet with an attorney on July 9 did not absolve the authorities' mandate under *Edwards* to refrain from interrogating Sammons outside the presence of her attorney.

2. The State contends that Sammons waived her right to counsel by affirmatively agreeing to be interviewed on July 10 without her attorney present. However, the matter of whether Sammons' waiver was knowing and intelligent need not be analyzed because the interview was initiated by the authorities. *Walton v. State*, 267 Ga. at 715. Any police-initiated questioning after the invocation of counsel renders any purported waiver by the accused invalid. *Roper v. State*, 258 Ga. at 849 ("If police initiate questioning after the invocation of the right to counsel, any uncounseled waiver of that right is invalid"); *Edwards v. Arizona*, 451 U. S. at 484 (a valid waiver of the right to counsel cannot be established "by showing only that [the suspect] responded to further police-initiated custodial interrogation even if he has been advised of his rights"); *Linares v. State*, 266 Ga. 812 (2) (471 SE2d 208) (1996) (statements made after invocation of right to counsel and in response to police-initiated questioning were involuntary); *Stanley v. State*, 283 Ga. 36, 39 (2) (a) (656 SE2d 806) (2008) (waiver of previously invoked right to counsel is valid only if suspect initiates further conversation with authorities).

The trial court found that after Sammons met with her attorney on July 9, she was placed in her cell and allowed to rest. Law enforcement, on their own initiative, resumed the interview on July 10 without Sammons' counsel being present.[4] This was an express violation of *Edwards* and any alleged agreement by Sammons to be interviewed at that point was invalid. *Roper v. State*, 258 Ga. at 849. Accordingly, we find no error with the trial court's *Jackson-Denno* order excluding the July 10 videotaped statement and accompanying written statement.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 31, 2008.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellant.
*Brian Steel*, for appellee.

---

[4] The investigator who interviewed Sammons testified at the *Jackson-Denno* hearing that he, Sammons, and her attorney agreed on July 9 that Sammons would be interviewed again after she had been given a chance to rest. The investigator admitted, however, that no one told him that Sammons could be interviewed without her attorney being present.