S16A1082. THE STATE v. ESTRADA.
(794 SE2d 103)

BENHAM, Justice.

On November 7, 2013, appellee Tyler Estrada, who was 18 years old at the time, was in custody in DeKalb County when two Gwinnett County police investigators questioned him about a Gwinnett County homicide.[1] Upon holding an evidentiary hearing at which the lead interrogating officer testified and at which audio recordings of appellee's custodial statement were placed into evidence, the trial court determined appellee had invoked his right to counsel and never waived his *Miranda*[2] rights either in writing or verbally. Accordingly, it granted appellee's motion to suppress the statement and the State

---

[1] On September 24, 2014, a Gwinnett County grand jury indicted appellee on charges of malice murder, felony murder, armed robbery, aggravated assault, aggravated battery, possession of a firearm during commission of a felony, and criminal gang activity.

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SCt 1602, 16 LE2d 694) (1966).

now appeals. We affirm.

> When reviewing a trial court's ruling on a motion to suppress, an appellate court must construe the evidentiary record in the light most favorable to the factual findings and judgment of the trial court. This means that the reviewing court generally must accept the trial court's findings as to disputed facts unless they are clearly erroneous, although the reviewing court may also consider facts that definitively can be ascertained exclusively by reference to evidence that is uncontradicted and presents no questions of credibility such as facts indisputably discernible from [an audio recording].

(Citation and punctuation omitted.) *State v. Allen*, 298 Ga. 1, 2 (1) (a) (779 SE2d 248) (2015).

"Viewed in this way, the evidence at the suppression hearing, which consisted of the testimony of the [interrogating] officer and the . . . audio recording of the [custodial interview], shows the following." *State v. Allen*, supra, 298 Ga. at 2. Two audio recordings are at issue in this case. At the beginning of the first recording, the lead investigator read appellee his *Miranda* rights, told appellee he was investigating a Gwinnett County homicide, and explained he had spoken to appellee's girlfriend who indicated appellee was a witness to the crime. At that point, appellee did not waive his *Miranda* rights either verbally or in writing. Approximately five minutes into this first recording, appellee said he did not want to talk about anything that did not concern his DeKalb County case without a lawyer. Rather than ceasing further conversation with appellee, the investigator told appellee he would be arrested for felony murder the next day.[3] Appellee then asked whether speaking with the officers without a lawyer would make a difference as to whether he would be charged with felony murder. The lead investigator did not answer this question, but rather responded he would give appellee a few minutes to decide whether he wanted to waive his rights and said he could not give appellee any legal advice. At that point, about nine minutes into the first recording, appellee again stated he wanted an attorney. Appellee then made a few inculpating statements. At that point, the investigator told appellee he could not talk to appellee anymore

---

[3] At the motion to suppress hearing, the lead investigator admitted authorities had already decided to arrest appellee for felony murder before coming to interview him. The officer further admitted that after appellee first invoked his right to counsel, he made the statement about arresting appellee for felony murder in order to encourage appellee to talk to authorities.

because appellee had asked for a lawyer. Appellee mentioned another detail about the Gwinnett homicide and the lead investigator again stated he could not speak with appellee without his lawyer. Approximately eight minutes after appellee had first invoked his right to counsel, the lead investigator and his partner stepped out of the room and stopped recording.

The lead investigator testified five to six minutes elapsed between the first recording and the second recording, and during that time, appellee was left alone in the interrogation room. Officers returned to the room and the second recorded interview commenced. At the beginning of the second recording, the lead investigator engaged in a two-minute monologue about why he wanted to talk to appellee about the Gwinnett homicide. At the end of the speech, appellee asked where he should start, and the officer replied he should start at the beginning, and appellee was interrogated for over an hour during which time he made more incriminating statements. Never at any point during the second recording did officers obtain clarification appellee wanted to speak without an attorney being present; and never at any point did appellee verbally state he was waiving his *Miranda* rights or sign a waiver form to that effect. The lead investigator also admitted appellee never asked the officers to return to the room after the first recorded interview had ended.

When a defendant invokes his right to counsel, all interrogation is to cease until such time as an attorney is made available or until such time as the *defendant* reinitiates conversation with law enforcement and waives his right to having counsel present. See *State v. Sammons*, 283 Ga. 364 (1) (659 SE2d 598) (2008); *Gissendaner v. State*, 269 Ga. 495, 496 (500 SE2d 577) (1998). See also *Edwards v. Arizona*, 451 U. S. 477 (II) (101 SCt 1880, 68 LE2d 378) (1981). Here, appellee twice invoked his right to counsel in a manner that was unequivocal, but the officers did not end the interrogation so an attorney could be made available. While appellee made a few comments after invoking his right the second time, he never retracted his unequivocal request for a lawyer and he never initiated additional conversation with officers after they left the room. "Any police-initiated questioning after the invocation of counsel renders any purported waiver by the accused invalid. [Cits.]" *State v. Sammons*, supra, 283 Ga. at 366. The officers violated appellee's constitutional rights when they did not cease interrogating appellee after he first invoked the right to counsel. Id. Accordingly, the trial court did not err when it suppressed appellee's custodial statement.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2016.

*Daniel J. Porter, District Attorney, Christopher M. Quinn, Jason J. Park, Assistant District Attorneys*, for appellant.
*Clegg & Daniels, Thomas S. Clegg*, for appellee.